**KOHN v. CRIBBEN & SEXTON CO.**
No. 8087.

District Court, N. D. Illinois, E. D.
March 27, 1930.

Young & Young, of Milwaukee, Wis., for plaintiff.

Dyrenforth, Lee, Chritton & Wiles, of Chicago (Russell Wiles, John H. Lee and Horace Dawson, all of Chicago, Ill., of counsel); for defendant.

LINDLEY, District Judge.

To plaintiff's claim of infringement of claims 2 and 3 of Kohn patent, No. 1,368,809, defendant asserts invalidity and noninfringement. The two claims are as follows:

"Claim 2. An incinerator of the class described comprising a refuse chamber having a taperingly reduced lower portion and a gas burner pivotally mounted at the bottom of said taperingly reduced lower portion of the chamber and normally extending across· the bottom, said burner being movable downwardly to open the bottom of the chamber.

"Claim 3. An incinerator of the class described comprising a refuse chamber having a taperingly reduced lower portion, a burner, a gas supply pipe extending from the burner, a shaft section extending from the burner in axial alinement with the pipe, and journals for said pipe and shaft section whereby said burner is pivotally mounted at the bottom of·the refuse chamber to normally close said bottom, said burner being movable downwardly to open the bottom of the chamber."

In view of Weaver No. 1,131,188, showing an incinerator with stationary gas burner and a conical grate, with one edge portion thereof mounted on a trunnion equipped with a handle; Margolin No. 855,795, showing a fire pot equipped with a centrally pivoted burner grate; Thiele No. 565,050, showing a burner grate which, as a single member, serves as the closure at the bottom of the fire pot; Kaufer No. 1,232,324, containing a combined grate and gas burner centrally pivoted; Gibbs No. 1,246,416, showing a centrally pivoted burner grate in the incinerator, one of the trunnions being made hollow to serve as a mixer; Kener No. 1,263,432, showing a pair of burner grates capable of being dropped, gas and air being admitted thereto through the trunnions, I am of the opinion that Kohn in the incinerator described and claimed in the patent in suit did not, by the use of a combination grate and burner, as a single member closure for the bottom of the fire pot, pivoted on one side, achieve invention.

It appears further that the tapering fire pot was old in the art under the teachings of· Prescott No. 1,086,854 and No. 1,086,855, and Ricketts No. 1,106,317, and under the familiar features of conical fire pots in stoves and heaters.

Consequently plaintiff's assertion that Kohn was the first to use a conical lower end portion for the refuse chamber in connection with a side pivoted gas-burning grate bottom amounts to a claim for invention for a mere aggregation of elements old in the art, no one or more or all of which perform new functions.

If we were to attribute patentability to the claims in question, we would be compelled to limit them to a narrow specific compass. The records of the Patent Office as disclosed by the file wrapper show that these claims were allowed only when the applicant included in them the limitation to the side pivoted drop type of burner grate reading as follows: "Said burner being movable downwardly to open the bottom of the chamber." Therefore, these claims, under the most favorable construction, are specifically limited (I. T. S. Rubber Co. v. Essex Rubber Co., 272 U. S. 429, at page 443, 47 S. Ct. 136, 71 L. Ed. 335), and everything not included therein is dedicated to the public. Defendant employs a centrally pivoted grate, rectangular in plan, mounted on a rectangularly discharge chute, which hangs from the lower portion of the fire pot. Without going into the details of construction, or referring to the prior patents furnishing the basis for defendant's structure, it seems clear to me that the latter's burner grate does not respond to the terms of claims 2 and 3 of the patent in suit, limited as they are to the side pivoted type burner.

The bill will be dismissed for want of equity at the cost of the plaintiff.